## Mellon Bank, N.A. v. Donegal Mutual Insurance Co.

*James J. Restivo, Jr.* and *Frederick N. Egler,* for plaintiff.
*David H. Patterson,* for defendant.

DOYLE, *J.,* January 8, 1980—Robbin L. McConnell (McConnell) made a claim against defendant's insured which defendant settled with McConnell. Accordingly, defendant drew its check dated Friday, April 27, 1979, in the sum of $3,742.14 on its depository bank, Farmer's First Bank of Marietta, Pennsylvania (Farmer's Bank), naming McConnell as payee and delivered the check to McConnell. On Wednesday, May 2, 1979, McConnell endorsed the check in blank and presented it to plaintiff, where he maintained an account, and received the full proceeds of the check in cash from plaintiff. Thereafter, the check was processed through the Federal Reserve check clearing house. Farmer's Bank refused to pay the proceeds of the check to plaintiff because the original order to "pay" had been countermanded by the drawer (defendant) on Thursday, May 3, 1979, by the issuance of a "stop payment" order. When plaintiff cashed the check

for McConnell, it had no knowledge of the existence of the "stop payment" order. Plaintiff brought the instant assumpsit action to recover the proceeds from the drawer. Defendant's motion for judgment on the pleadings and plaintiff's motion for summary judgment are before us for disposition.

The check is a negotiable instrument within the meaning of 13 Pa.C.S. §3104(a). Plaintiff, being in possession of a negotiable instrument which it took by negotiation, is a "holder" within the meaning of 13 Pa.C.S. §3202(a). The record contains nothing to indicate that plaintiff is not a "holder in due course" as that phrase is defined in 13 Pa.C.S. §3302, but defendant, having used the technique permitted by Pa.R.C.P. 1029(c), is treated as having denied that plaintiff is a holder in due course; thus forcing plaintiff to prove its status as a holder in due course under 13 Pa.C.S. §3307(c) by showing that it, or McConnell,* is in all respects a holder in due course.

The real issue is whether vel non plaintiff took the instrument subject to the claim of the drawer under 13 Pa.C.S. §3306. Plaintiff asserts that the affidavit of Clifford K. Lyon attached to its motion for summary judgment is sufficient to prove that it took the instrument for value, in good faith and without notice that it was overdue, or had been dishonored or of any defense or claim to the instrument on the part of the drawer under 13 Pa.C.S. §3302(a). Defendant asserts that the counter-affidavit of Dennis R. Cook shows that plaintiff's banking practices constitute "bad faith," but does not dispute the other elements of plaintiff's status as a holder in due course.

---

*We are not asked to decide whether McConnell was a holder in due course.

Defendant asserts that plaintiff did not take the instrument "in good faith" because, prior to delivering cash to McConnell, it failed to inquire of the drawee whether a stop payment order had been received from defendant. 13 Pa.C.S. §1201 defines "good faith" as "[h]onesty in fact in the conduct or transaction concerned." "Good faith" means "honesty in fact" and no suggestion of dishonesty has been asserted. The requirement urged by defendant would bring the banking system to a grinding halt. A stop payment order issued by the drawer to the drawee which is unknown to the paying-collecting bank cannot fasten upon the paying bank any legal disability; particularly it cannot reduce the status of the collecting bank to a mere assignee of the instrument or a holder of a non-negotiable instrument, or a mere holder of a negotiable instrument.

Plaintiff argues that, in any event, it is a *holder* and that upon dishonor, under 13 Pa.C.S. §3413(b), defendant engaged to pay the holder the dollar amount of the check. Notice and protest are excused because of the issuance of the stop payment order. See 13 Pa.C.S. §3511(b)(2). Defendant insists that plaintiff assumed the risk of non-collection from the drawee (Farmer's Bank) when it paid cash to McConnell, rather than conditionally crediting his account with plaintiff and awaiting collection from the drawee. Plaintiff may have assumed the risk of non-payment by the drawee but it did not assume the risk of non-collection from the drawer. The drawer's engagement to plaintiff is not affected by a stop payment order where that order is unknown to plaintiff.

Defendant asserts that plaintiff's failure to credit McConnell's account with plaintiff and await collection from the drawee, rather than delivering

cash to McConnell, also involves a "bad faith" taking of the instrument. But this method of accommodating its own customer has nothing to do with "taking" the instrument. Payment by the collecting bank might be imprudent and is certainly a risk assumed by the depository-collecting bank (plaintiff) as to the drawee (Farmer's Bank), but it does not affect plaintiff's rights against defendant who by drawing the instrument and placing it in the stream of commerce has engaged to pay it to any holder.

Defendant asserts that the deceit allegedly practiced by McConnell on defendant infects the instrument itself, viz.: it is a fraud and a "real" (from "res," the thing; the instrument) defense available against anyone who asserts a claim on the instrument. Defendant's argument is based on a defense set forth in 13 Pa.C.S. §3305(2)(ii): "illegality of the transaction, as renders the obligation of the party [defendant] a nullity." The commission's comment to the cited section states: "If under [local] law the effect of the . . . illegality is to make the obligation entirely null and void the defense may be asserted against a holder in due course. Otherwise it is cut off." Defendant is bound by its pleadings and the defense which is *pleaded,* viz.: "fraudulent insurance claim" is not the species of fraud in esse contractus which renders an *instrument* void—it is only a deceit, a misrepresentation which induced the drawer to draw and deliver the instrument to malefactor McConnell. It is not a "real" defense available against a holder in due course: Allied Concord Financial Corp. v. Hiestand, 78 York 17 (1964).

We find that there is no substantial issue of fact regarding plaintiff's status as a holder in due course. We find that plaintiff did not take the check

in bad faith. We find that plaintiff is a holder in due course. We find that the defenses raised by defendant are not "real" defenses. Defendant may recover from McConnell in a trespass action for deceit or may waive the tort and sue in assumpsit. Ergo, we must deny defendant's motion for judgment on the pleadings and grant plaintiff's motion for summary judgment. An appropriate order will be entered.

## ORDER

And now, January 8, 1980, defendant's motion for judgment on the pleadings is denied and plaintiff's motion for summary judgment is granted.

